## Zamba v. Braziell

*Eugene A. Caputo*, for plaintiff.
*Ralph E. Smith*, for defendant.

READER, P. J., April 25, 1939.—The above-entitled case is before us on a certiorari from a judgment of a justice of the peace. The record of the justice, as returned pur-

suant to the writ of certiorari, shows that suit was brought and that the summons was regularly served. At the time fixed for hearing plaintiff and defendant were both present and asked for a continuance of the hearing to December 28, 1938. Prior to the latter date defendant filed an affidavit of defense. On December 28, 1938, the time fixed for hearing, plaintiff and defendant both appeared. A hearing was had and testimony offered, the substance of which is set out at considerable length in the record of the justice. The record of the justice further states as follows:

"And now December 28, 1938, after full hearing the proofs, I, the said justice, did take the case under advisement and will render my decision on January 20, 1939.

"And now, January 20, 1939, I, the said justice of the peace, after careful consideration in the above matter, I do render judgment in favor of the plaintiff, W. M. Braziell, and against the defendant, Peter Zamba, for the amount of $235, together with interest, from March 11, 1937, also together with the costs of the suit."

The exceptions to the record of the justice filed by Peter Zamba, defendant in the suit before the justice and plaintiff in error, are as follows:

"First: The record upon its face shows that judgment was entered more than ten days after the last evidence in the said cause was heard.

"Second: The said record is defective in that, it purports to show that on the 28th day of December, A. D. 1938, after a full hearing the said justice of the peace did take the case under advisement to render a decision on January 20, 1939, when such is a direct falsification of the facts, no time having been fixed for the rendering of a decision.

"Third: The record does not show that the parties had any knowledge of an adjournment to January 20, 1939, from December 28, 1938.

"Fourth: The record does not show that notice was given to the parties prior to the rendition of judgment."

The second, third, and fourth exceptions seem to us to be without merit. The record before us contradicts these exceptions and no depositions were taken to present facts in contradiction or explanation of the record. In the state of the record it cannot be said that the parties had no knowledge of an adjournment to January 20, 1939, from December 28, 1938. The inference to be drawn from the record is that the justice stated at the time of the hearing on December 28, 1938, that he would render his decision on January 20, 1939. The presumption would be that the parties were before the justice until the conclusion of the hearing, and were advised of his deferring judgment to the time stated. The record does not affirmatively show that notice was given to the parties prior to the rendition of judgment. Such notice would not be necessary, however, if, at the hearing, the justice announced that judgment would be given on a fixed date. In the oral argument of counsel it was stated by counsel for the defendant in error that notice was actually given to both parties of the entering of judgment. This was not questioned at the time.

The first exception is based upon the provisions of the Act of March 22, 1877, P. L. 13, 42 PS §§670, 671. The first section of this act makes it the duty of justices of the peace and aldermen to render judgment in any cause pending before them within a period of 10 days after the evidence in said cause shall have been heard. The second section of the act makes it a misdemeanor for justices of the peace or aldermen to fail to comply with this provision of the act and imposes a penalty. It is contended by plaintiff in error that since the judgment in the instant case was not entered within 10 days after the closing of the testimony the judgment is a nullity.

In support of this position several decisions of courts of common pleas of the Commonwealth have been called to our attention: Gill v. Wagoner, 7 Dist. R. 166; Fessler v. Sharp, 7 Dist. R. 652; Snook, etc., v. Diffenbaugh, 15 Lanc. L. R. 83; Murrell v. Baker, 11 Westm. 55; Hoffner

v. Kottka, 2 Pears. 360. We have examined all these cases. Some of them are really decided upon questions other than the effect of the Act of 1877, supra. In all of them, however, upon whatever ground decided, the courts held that a failure on the part of the justice to render judgment within the 10-day period prescribed by the act renders the judgment a nullity.

A different view was taken in the case of Black v. Black, 12 Dist. R. 424. In this case, Judge Ralston of Philadelphia held that the provision of the Act of 1877 in question is directory only, and while a justice failing to comply with its provision may be subjected to a penalty his judgment is not a nullity by reason of its having been entered more than 10 days after the conclusion of the taking of the evidence at the hearing. The opinion of Judge Ralston seems to us a very convincing one. There seems to be no decision of our appellate courts construing the Act of 1877 in this respect. Judge Ralston, however, cites numerous decisions in analogous situations where similar provisions have been held directory only. He also quotes from recognized text authorities in support of his decision. We are of the opinion that this interpretation of the act is sounder than that of the cases first cited.

We are of the opinion that the 10-day provision in the Act of 1877 is directory only, and that a judgment of a justice, valid in other respects, is not invalidated by the fact that it was rendered more than 10 days after the completion of the hearing of the evidence.

### Order

Now, to wit, April 25, 1939, it is hereby ordered, adjudged, and decreed that the exceptions to the record of the justice of the peace in the above-entitled case be and the same hereby are overruled and dismissed, and the writ of certiorari is hereby discharged at the cost of plaintiff in error.

READER, P. J., May 15, 1939.—In the above-entitled case an opinion and order were made and filed on April 25, 1939. The exceptions to the record of the justice were overruled and dismissed in the order made at that time. The case had been orally argued by counsel, and counsel for the plaintiff in error had stated that the cases relied upon by him were those noted in the annotations to the act of assembly as found in the Pennsylvania statutes, referring to the sections. These we examined carefully as well as those noted in the brief of the defendant in error.

Since the filing of our opinion counsel for the parties have filed with us a stipulation. The stipulation changes the situation so far as relates to the record of the justice as to the continuation of the case to January 20, 1939. Counsel for the plaintiff in error has filed with this stipulation a written brief. We have examined this brief and most of the cases cited in it. Most of them we had previously examined before writing the first opinion.

The principal question argued before us orally and in the written brief now before us relates to the interpretation of the Act of March 22, 1877. We see no reason for changing the conclusions stated in our first opinion. As to the other question, that of the justice having deferred judgment to a later date without actually fixing the date, which appears from the stipulation now filed, from a consideration of all the matters set out in the stipulation we are of the opinion that justice to the parties does not require any change in the order heretofore made. We think that substantial justice has been done so far as the plaintiff in error having his day in court and a full opportunity either to appeal from the judgment of the justice or to bring the case before us on a writ of certiorari, as was actually done.

For the reasons stated we are of the opinion that the order heretofore made on April 25, 1939, should not be disturbed.